AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| United States of America | ) |
|---|---|
| v. | ) Case: 1:21-mj-00415 |
| Anton Lunyk | ) Assigned to: Judge Harvey, G. Michael |
| | ) Assign Date: 5/5/2021 |
| | ) Description: COMPLAINT W/ARREST WARRANT |
| *Defendant* | ) |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* Anton Lunyk,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment  ☐ Superseding Indictment  ☐ Information  ☐ Superseding Information  ☒ Complaint
☐ Probation Violation Petition  ☐ Supervised Release Violation Petition  ☐ Violation Notice  ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 1752(a)(1), (2) - Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority;
40 U.S.C. § 5104(e)(2)(D), (G) - Violent Entry and Disorderly Conduct on Capitol Grounds.

Date: 05/05/2021

Digitally signed by G. Michael Harvey
Date: 2021.05.05 14:33:32 -04'00'

*Issuing officer's signature*

City and state: Washington, D.C.

G. Michael Harvey, U.S. Magistrate Judge
*Printed name and title*

### Return

This warrant was received on *(date)* 05/05/21, and the person was arrested on *(date)* 5/11/21
at *(city and state)* Brooklyn, New York.

Date: 5/11/21

*Arresting officer's signature*

Michael Arbittier / SA
*Printed name and title*

AB:LRO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | AFFIDAVIT IN SUPPORT OF REMOVAL TO THE DISTRICT OF COLUMBIA |
| - against - | |
| ANTON LUNYK, | (Fed R. Crim. P. 5) |
| Defendant. | Case No. 21-MJ-574 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

      MICHAEL K. ARBITTIER, being duly sworn, deposes and states that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), currently assigned to investigate criminal activity in and around the Capitol grounds on January 6, 2021, duly appointed according to law and acting as such.

      On May 5, 2021, the United States District Court for the District of Columbia issued an arrest warrant commanding the arrest of the defendant ANTON LUNYK, for violations of Title 18, United States Code, Section 1752(a)(1), (2) (knowingly entering or remaining in any restricted building or grounds without lawful authority) and Title 40, United States Code, Section 5104(e)(2)(D), (G) (violent entry and disorderly conduct on Capitol grounds).

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. On or about May 5, 2021, the United States District Court for the District of Columbia signed a Criminal Complaint (the "Complaint") charging the defendant ANTON LUNYK with violations of Title 18, United States Code, Section 1752(a)(1), (2) (knowingly entering or remaining in any restricted building or grounds without lawful authority) and Title 40, United States Code, Section 5104(e)(2)(D), (G) (violent entry and disorderly conduct on Capitol grounds). A warrant was issued for the defendant's arrest. True and correct copies of the Complaint and arrest warrant are attached as Exhibits A and B, respectively.

2. On or about May 11, 2021, other law enforcement officers and I traveled to the defendant's address in Brooklyn, New York. After we knocked and announced ourselves as law enforcement, a man, later identified as the defendant's father, answered the door.

3. The defendant ANTON LUNYK was visible inside the premises. The defendant's appearance matched the driver's license and passport photographs of the ANTON LUNYK with an arrest warrant in the District of Columbia. The defendant's appearance also matched photographs of ANTON LUNYK, referenced in the Complaint, from social media and footage from United States Capitol Police closed-circuit television.

---

[1] Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause for removal, I have not described all of the relevant facts and circumstances of which I am aware.

4. Using the defendant's first name, a law enforcement officer asked the defendant to step out into the hallway. The defendant complied. The defendant also verified the pronunciation of his name, "Anton Lunyk," as well as his date of birth, which matched the date of birth of ANTON LUNYK.

5. The defendant waived his <u>Miranda</u> rights and agreed to speak to law enforcement officers without an attorney present. The defendant acknowledged that he was present at the Capitol on January 6, 2021. The defendant also identified himself in photographs taken from United States Capitol Police closed-circuit television footage on January 6, 2021.

6. Law enforcement officers conducted a search of the premises pursuant to a judicially-authorized search warrant. Among other things, law enforcement officers recovered items of clothing, including a red Make America Great Again (MAGA) hat, worn by the defendant in photographs from social media as well as footage from United States Capitol Police closed-circuit television referenced in the Complaint.

7. Based on the foregoing, I submit that there is probable cause to believe that the defendant ANTON LUNYK is the Anton Lunyk wanted in the District of Columbia.

WHEREFORE, your deponent respectfully requests that the defendant ANTON LUNYK be removed to the District of Columbia so that he may be dealt with according to law.

/s/ Michael K. Arbittier
MICHAEL K. ARBITTIER
Special Agent
Federal Bureau of Investigation

Sworn to before me by telephone
this  11th  day of May, 2021

*Cheryl L. Pollak*
THE HONORABLE CHERLY L. POLLAK
CHIEF UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

# EXHIBIT A

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| United States of America | ) | Case: 1:21-mj-00415 |
| v. | ) | Assigned to: Judge Harvey, G. Michael |
| Anton Lunyk | ) | Assign Date: 5/5/2021 |
| DOB: 01/31/1996 | ) | Description: COMPLAINT W/ARREST WARRANT |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of ___January 6, 2021___ in the county of _____ in the
_____ in the District of ___Columbia___, the defendant(s) violated:

*Code Section* — *Offense Description*

18 U.S.C. § 1752(a)(1), (2) - Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority,
40 U.S.C. § 5104(e)(2)(D), (G) - Violent Entry and Disorderly Conduct on Capitol Grounds.

This criminal complaint is based on these facts:
See attached statement of facts.

☒ Continued on the attached sheet.

*Complainant's signature*

Michael K. Arbittier, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: 05/05/2021

Digitally signed by G. Michael Harvey
Date: 2021.05.05 14:34:52 -04'00'

*Judge's signature*

City and state: Washington, D.C.   G. Michael Harvey, U.S. Magistrate Judge
*Printed name and title*

## STATEMENT OF FACTS

Your affiant, Michael K. Arbittier, is a Special Agent with the Federal Bureau of Investigation assigned to the Joint Terrorism Task Force. In my duties as a special agent, I have participated in investigations during the course of which I have conducted physical surveillance, interviewed witness, executed court-authorized search warrants, and used other techniques to secure relevant information. Currently, I am a tasked with investigating criminal activity in and around the Capitol grounds on January 6, 2021. As a Special Agent, I am authorized by law or by a Government agency to engage in or supervise the prevention, detention, investigation, or prosecution of a violation of Federal criminal laws.

The U.S. Capitol is secured 24 hours a day by U.S. Capitol Police. Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by U.S. Capitol Police. Only authorized people with appropriate identification were allowed access inside the U.S. Capitol. On January 6, 2021, the exterior plaza of the U.S. Capitol was also closed to members of the public.

On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the United States Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

As the proceedings continued in both the House and the Senate, and with Vice President Mike Pence present and presiding over the Senate, a large crowd gathered outside the U.S. Capitol. As noted above, temporary and permanent barricades were in place around the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside.

At such time, the certification proceedings were still underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, shortly around 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts.

Shortly thereafter, at approximately 2:20 p.m. members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

During national news coverage of the aforementioned events, video footage which appeared to be captured on mobile devices of persons present on the scene depicted evidence of violations of local and federal law, including scores of individuals inside the U.S. Capitol building without authority to be there.

ANTON LUNYK (hereinafter LUNYK) is 26-year-old American citizen. Based on New York State Department of Motor Vehicle records, LUNYK resides in Brooklyn, New York. As discussed in detail below, LUNYK appears to have traveled to Washington, D.C., from New York City on or about January 6, 2021, and participated in the rioting at the Capitol.

Witness 1 provided an online tip to the FBI regarding the riot at the U.S. Capitol. On January 18, 2021, law enforcement interviewed Witness 1. Witness 1 advised that he/she attended college with ANTON LUNYK and he/she recognized LUNYK in the background of a New York Post Twitter image (shown below in Image 1). The individual identified by Witness 1, LUNYK, is the individual in Image 1 wearing what appears to be a red hat, gray hood, vest, long sleeve shirt, and a scarf, and holding what appears to be a cell phone in his hand.

**Image 1**



In addition, Witness 1 told law enforcement that LUNYK's telephone number is 347-445-0419 and that LUNYK's Instagram account is "antonlunyk"; Witness 1 also provided law enforcement with a screenshot from LUNYK's Instagram account as shown in Image 2. Image 2 is a screenshot of ANTONLUNYK's Instagram post with the caption "'Merica" and a photo of LUNYK, who appears to be wearing a red Make America Great Again (MAGA) hat, grey hooded sweatshirt, and a vest.

**Image 2**



Subscriber information provided by Facebook, Inc. confirmed telephone number 347-445-0419 was registered to Instagram account "antonlunyk."

Law enforcement also received a tip from Witness 2. Witness 2 does not know LUNYK personally. Witness 2 informed law enforcement that Witness 2's friend sent Witness 2 a post containing a photo of LUNYK from an Instagram account bearing the name ANTONLUNYK. Witness 2 provided law enforcement with ANTONLUNYK's Instagram post, as shown in Image 3, which contain the caption, "This is going to be an interesting next few weeks . . . who else is going to DC this week?" Witness 2 also provided law enforcement with a screenshot from an online article, as shown in Image 4. Image 4 is a screenshot of a video from inside the U.S. Capitol on January 6. (The video is available at https://www.adn.com/alaska-news/anchorage/2021/01/16/he-went-from-a-childhood-in-anchorage-to-alt-right-fame-now-the-social-media-personality-known-as-baked-alaska-been-arrested-for-storming-the-us-capitol/.)
Witness 2 identified the individual pictured in Image 3 as the same individual pictured in Image 4. Witness 2's friend (name not provided to law enforcement) identified the individual as "Anton

Lunyk" who lived in Brooklyn, New York. Witness 2 stated that the individual in Image 3 was wearing the same vest and hoodie combination as the individual in the background of Image 4. In addition, Witness 2 advised that the Instagram user ANTONLUNYK posted from inside the U.S. Capitol. However, Witness 2 stated that the posts had since been deleted.

                **Image 3**                                            **Image 4**



As described above, Images 1 and 4 contain a screenshot from a live streaming video. Law enforcement reviewed the live streaming video and identified the location of LUNYK as within the designated working space of a United States Senator.

Law enforcement conducted a manual review of United States Capitol Police (USCP) closed-circuit television (CCTV). USCP CCTV places an individual with a matching outfit of a red MAGA hat, navy vest, and gray hooded sweatshirt inside the U.S. Capitol building, as shown in Images 5 and 6. Image 5 is a screenshot from the CCTV footage of Senate Wing Door captured on January 6, 2021, at approximately 3:08 p.m., with a red circle around the suspect. Image 6 is a screenshot from the CCTV footage of House Wing Door captured on January 6, 2021, at approximately 3:12 p.m.

**Image 5**



**Image 6**



      New York City License Plate Readers (LPR) captured New York State license plate #HYS3048 departing New York on January 5, 2021, at approximately 11:54 p.m. and returning into New York on January 6, 2021, at approximately 8:28 p.m. Washington D.C. LPRs captured New York State license plate #HYS3048 in the vicinity of Washington D.C. at approximately 3:48

5

a.m. New York Police Department records indicate LUNYK received a moving violation on September 25, 2020, while operating a 2019 White Lexus R3 Sedan bearing New York State license plate # HYS3048.

Based on the foregoing, your affiant submits that there is probable cause to believe that LUNYK violated 18 U.S.C. § 1752(a)(1) and (2), which makes it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do; and (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions; or attempts or conspires to do so. For purposes of Section 1752 of Title 18, a "restricted building" includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service, including the Vice President, is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance.

Your affiant submits there is also probable cause to believe that LUNYK violated 40 U.S.C. § 5104(e)(2) (D) and (G), which makes it a crime to willfully and knowingly (D) utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress; and (G) parade, demonstrate, or picket in any of the Capitol Buildings.

_____
Michael K. Arbittier
Special Agent
Federal Bureau of Investigation

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 5th day of May 2021.

Digitally signed by G. Michael Harvey
Date: 2021.05.05 14:35:47 -04'00'

_____
G. MICHAEL HARVEY
U.S. MAGISTRATE JUDGE

# EXHIBIT B

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| United States of America | ) |
|---|---|
| v. | ) Case: 1:21-mj-00415 |
| Anton Lunyk | ) Assigned to: Judge Harvey, G. Michael |
|  | ) Assign Date: 5/5/2021 |
|  | ) Description: COMPLAINT W/ARREST WARRANT |
|  | ) |
| *Defendant* | ) |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* Anton Lunyk,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☒ Complaint
☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 1752(a)(1), (2) - Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority;
40 U.S.C. § 5104(e)(2)(D), (G) - Violent Entry and Disorderly Conduct on Capitol Grounds.

Date: 05/05/2021

Digitally signed by G. Michael Harvey
Date: 2021.05.05 14:33:32 -04'00'

*Issuing officer's signature*

City and state: Washington, D.C.  G. Michael Harvey, U.S. Magistrate Judge
*Printed name and title*

---

**Return**

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____

*Arresting officer's signature*

*Printed name and title*

| UNITED STATES OF AMERICA | ORDER SETTING CONDITIONS OF RELEASE |
| V. | AND APPEARANCE BOND |

Anton Lunyk _____, Defendant.

Case Number: 21MJ574

## RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released subject to the Standard Conditions of Release on the reverse and as follows:
- [✓] Upon **Personal Recognizance Bond** on his/her promise to appear at all scheduled proceedings as required, or
- [ ] Upon **Bond** executed by the defendant in the amount of $ ROR , and secured by [ ] financially responsible sureties listed below and/or [ ] collateral set forth below.

### Additional Conditions of Release

The Court finding that release under the Standard Conditions of Release on the reverse will not by themselves reasonably assure the appearance of the defendant and/or the safety of other persons and the community, IT IS FURTHER ORDERED as follows:

[X] 1. The defendant must remain in and may not leave the following areas without Court permission: [✓] New York City; [✓] Long Island, NY; [ ] New York State; [ ] New Jersey; [✓] Washington, D.C. _____ and travel to and from this Court and the permitted areas.

[X] 2. The defendant must avoid all contact with the following persons or entities: avoid DC except for court.lawyer visits and PTS visits with notice to PTS .

[ ] 3. The defendant must avoid and not go to any of the following locations: state and federal buildings unless permitted by PTS .

[✓] 4. The defendant must surrender all passports to Pretrial Services by 5/12 and not obtain other passports or international travel documents.

[✓] 5. The defendant is placed under the supervision of the Pretrial Services Agency subject to the Special Conditions on the reverse and:
- [✓] a. is subject to random visits by a Pretrial Services officer at defendant's residence and/or place of work;
- [✓] b. must report [✓] as directed by Pretrial Services or [ ] in person ___ times per _____ and/or [ ] by telephone ___ times per _____.
- [ ] c. must undergo [ ] testing, [ ] evaluation and/or [ ] treatment for substance abuse, including alcoholism, as directed by Pretrial Services.
- [ ] d. must undergo evaluation and treatment for mental health problems, as directed by Pretrial Services.
- [ ] e. is subject to the following location restriction program with location monitoring, as directed by Pretrial Services:
  - [ ] home incarceration: restricted to home at all times, except for attorney visits, court appearances and necessary medical treatment;
  - [ ] home detention: restricted to home at all times, except for attorney visits, court appearances, medical treatment, [ ] religious services, [ ] employment, [ ] school or training, [ ] other activities approved by Pretrial Services, [ ] _____
  - [ ] curfew: restricted to home every day from _____ to _____, or [ ] as directed by Pretrial Services.
- [ ] Defendant must pay all or part of the cost of any required testing, evaluation, treatment and/or location monitoring with personal funds, based upon ability to pay as determined by the Court and the Pretrial Services Agency, and/ or from available insurance.

[✓] 6. Other Conditions: Report to DC for court when directed; provide notice to PTS when attending rallies; and allow access to. se

## APPEARANCE BOND

I, the undersigned defendant, and each surety who signs this bond, acknowledge that I have read this Appearance Bond and, and have either read all the other conditions of release or have had those conditions explained. I further acknowledge that I and my personal representatives, jointly and severally, are bound to pay the United States of America the sum of $ _____ and that this obligation is secured with the below interest in the following property ("Collateral") which I represent is/are free and clear of liens except as otherwise indicated:

- [ ] cash deposited in the Registry of the Court in the sum of $ _____;
- [ ] premises located at: _____ owned by _____.
- [ ] I also agree to execute a confession of judgment, mortgage or lien in form approved by the U.S. Attorney which shall be duly filed with the proper local and state authorities on or before _____.

Each owner of the above Collateral agrees not to sell the property, allow further claims or encumbrances to be made against it, or do anything to reduce its value while this Appearance Bond is in effect.

*Forfeiture of the Bond.* This Appearance Bond may be forfeited if the defendant fails to comply with any of the conditions set forth above and on the reverse. The defendant and any surety who has signed this form also agree that the court may immediately order the amount of the bond surrendered to the United States, including any security for the bond, if the defendant fails to comply with the above agreement. The court may also order a judgment of forfeiture against the defendant and against each surety for the entire amount of the bond, including any interest and costs. Date

_____ Address: _____ _____
, Surety

_____ Address: _____ _____
, Surety

_____ Address: _____ _____
, Surety

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release and of the penalties and sanctions set forth on the front and reverse sides of this form.

/s/ Anton Lunyk

Signature of Defendant

Release of the Defendant is hereby ordered on 5/11/ , 20 21 .

Cheryl L. Pollak , US MJ

Distribution:  Canary - Court   Pink - Pretrial Services   Goldenrod -Defendant

## STANDARD CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:
(1) The defendant must not violate any federal, state or local law while on release.
(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.
(3) The defendant must advise the Court, the Pretrial Services office, defense Counsel and the U.S. Attorney in writing before making any change in address or telephone number.
(4) The defendant must appear in court as required and must surrender for service of any sentence imposed as directed.
(5) The defendant must refrain from use or unlawful possession of a narcotic drug or other controlled substances as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
(6) If the defendant fails to report as required to the Pretrial Services Agency, defendant may be subject to such random visits at his/her residence or work by a Pretrial Services Officer as may be necessary to verify his/her residence or place of employment in order to secure compliance with the order of release.
(7) The defendant must not possess a firearm, destructive device, or other weapon.

## SPECIAL CONDITIONS OF RELEASE FOR TESTING, TREATMENT OR EVALUATION AND FOR LOCATION MONITORING

1. If the defendant fails to appear for any specified treatment or evaluation, defendant may be subject to such random visits at his/her residence or work by a Pretrial Services Officer as may be necessary to verify his/her residence or place of employment in order to secure compliance with the order of release.
2. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing, as determined by Pretrial Services.
3. If defendant is subject to a location restriction program or location monitoring, defendant must:
   (a) stay at his/her residence at all times except for approved activities and may not leave for approved activities without providing prior notice to Pretrial Services, except in cases of medical emergencies.
   (b) abide by all program requirements and instructions provided by Pretrial Services relating to the operation of monitoring technology. Unless specifically ordered by the court, Pretrial Services may require use of one of the following or comparable monitoring technology: Radio Frequency (RF) monitoring; Passive Global Positioning Satellite (GPS) monitoring; Active Global Positioning Satellite (GPS) monitoring (including "hybrid" (Active/Passive) GPS); Voice Recognition monitoring.

## FORFEITURE OF THE BOND

This appearance bond may be forfeited if the defendant does not comply with the conditions of release set forth in this Order Setting Conditions of Release and Bond. The court may immediately order the amount of the bond and any Collateral surrendered to the United States if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

## RELEASE OF THE BOND

This appearance bond may be terminated at any time by the Court. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## ADVICE OF PENALTIES AND SANCTIONS TO THE DEFENDANT

Defendant is advised that violating any of the foregoing conditions of release may result in the immediate issuance of a warrant of arrest, a revocation of the order of release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if defendant commits a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence defendant may receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, defendant knowingly fails to appear as the conditions of release require, or to surrender to serve a sentence, defendant may be prosecuted for failing to appear or surrender and additional punishment may be imposed, whether or not the defendant is convicted of the pending charges. If defendant is convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – defendant will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – defendant will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – defendant will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – defendant will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence imposed. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

AO 466A (Rev. 12/17) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the

United States of America )
v. ) Case No. 21 MJ 574
Anton Lunyk )
) Charging District's Case No. 21 M 415
*Defendant* )

## WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* United States District Court for the District of Columbia

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5) a hearing on any motion by the government for detention;

(6) request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☒ an identity hearing and production of the warrant.

☒ a preliminary hearing.

☐ a detention hearing.

☐ an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district. I request that my ☐ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 5/11/2021

*Defendant's signature*

*Signature of defendant's attorney*

Michael Weil
*Printed name of defendant's attorney*

CLOSED

# U.S. District Court
# Eastern District of New York (Brooklyn)
# CRIMINAL DOCKET FOR CASE #: 1:21−mj−00574−CLP All Defendants

| | |
|---|---|
| Case title: USA v. Lunyk | Date Filed: 05/11/2021 |
| | Date Terminated: 05/11/2021 |

Assigned to: Chief Magistrate Cheryl L. Pollak

### Defendant (1)

**Anton Lunyk**  represented by  **Michael Daniel Weil**
*TERMINATED: 05/11/2021*   Federal Defenders of New York, Inc.
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
718−407−7413
Fax: 718−855−0760
Email: michael_weil@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| 18:1752.P | |

### Plaintiff

**USA**  represented by

**Lindsey Oken**
DOJ−USAO
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
718−254−6516
Email: lindsey.oken@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 05/11/2021 | 1 | | RULE 5 AFFIDAVIT/REMOVAL TO THE DISTRICT OF COLUMBIA by USA as to Anton Lunyk (Chin, Felix) (Entered: 05/11/2021) |
| 05/11/2021 | | | Arrest (Rule 5) of Anton Lunyk (Chin, Felix) (Entered: 05/11/2021) |
| 05/11/2021 | | | Minute Entry for proceedings held before Chief Magistrate Cheryl L. Pollak:Arraignment as to Anton Lunyk (1) Count Complaint held on 5/11/2021, Attorney Appointment Hearing as to Anton Lunyk held on 5/11/2021, Initial Appearance in Rule 5(c)(3) Proceedings as to Anton Lunyk held on 5/11/2021. AUSA Lindsey Oken appeared via video. FDNY Michael Weil appeared via video. Dft appeared via video. Pretrial Officer Chijioke "CJ" Ezenyilimba appeared via teleconference. Removal proceeding to the District of Columbia hearing held. Dft waived identity hearing. Dfse counsel & govt agree on a ROR bond. Dft advised of the bond conditions and gave consent to the court to sign the bond on his behalf. Dft released on ROR bond. (WebEx Log # 5/11/21 2:00−2:30.) (Chin, Felix) (Entered: 05/11/2021) |
| 05/11/2021 | 2 | | ORDER Setting Conditions of Release as to Anton Lunyk (1) ROR bond. Ordered by Chief Magistrate Cheryl L. Pollak on 5/11/2021. (Chin, Felix) (Entered: 05/11/2021) |
| 05/11/2021 | 3 | | WAIVER of Rule 5(c)(3) Hearing by Anton Lunyk (Chin, Felix) (Entered: 05/11/2021) |
| 05/11/2021 | 4 | | CJA 23 Financial Affidavit by Anton Lunyk (Chin, Felix) (Entered: 05/11/2021) |