UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-410 |
| | : | |
| ANTON LUNYK, | : | |
| | : | |
| Defendant. | : | |

MOTION TO VACATE, CONTINUE, AND
TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States of America hereby moves this Court vacate the January 21, 2022, status hearing scheduled in the above-captioned matter, for a 30-day continuance of the above-captioned matter, and further to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).  In support of its motion, the government states as follows:

As detailed in the five discovery status reports filed by the government (dated July 12, August 23, September 14, October 21, and November 5) (*see* Dkts. 20 and 21), the January 6 Capitol Riot has generated a massive amount of potentially discoverable data, including thousands of hours of video, and the government has worked diligently to produce this data to defendants, and continues to do so.  The government has made available on an ongoing basis a substantial amount of material through voluminous discovery productions.  Further, the government is preparing to produce additional material specific to each defendant's participation in the January 6 Capitol Breach.  The government is also evaluating options for pretrial resolution of the

defendants' cases and intends to discuss those options with counsel for defendants within the coming weeks, following additional discovery productions.

As the discovery status memoranda detail, the complicated process of developing and implementing systems for storing and searching, producing and/or making available voluminous materials accumulated across hundreds of investigations, and ensuring that such system will be workable for both the government and defense, has taken and will continue to take time. Moreover, the government has already produced and is preparing to produce substantial discovery in this case, including materials being provided across Capitol riot cases and materials specific to this case, and the defense needs time to review that discovery. The need for reasonable time to organize, produce, and review voluminous discovery is among multiple pretrial preparation grounds that courts have routinely held sufficient to grant continuances and exclude the time under the Speedy Trial Act. *See, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019).

The United States conferred with counsel for each defendant regarding this motion and counsel for defendants Lunyk, Connor, and Ferrigno have each indicated no objection to this motion.

WHEREFORE, the government respectfully requests that this Court grant the motion to vacate the scheduled status hearing, grant a 30-day continuance of the above-captioned proceeding, and that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

        Respectfully submitted,

        MATTHEW M. GRAVES  
        United States Attorney  
        DC Bar No. 481052

By:     /s/  
        Kathryn E. Fifield  
        Trial Attorney  
        U.S. Department of Justice, Crim. Division  
        Detailed to the D.C. U.S. Attorney's Office  
        555 Fourth Street, N.W.  
        Washington, DC 20530  
        Kathryn.fifield@usdoj.gov  
        (202) 320-0048