IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No.: 21-CR-410 (RC) |
| v. | : | |
| ANTON LUNYK, | : | |
| Defendant. | : | |

### DEFENDANT'S SENTENCING SUBMISSION

Anton Lunyk was convicted, by guilty plea, of violating 40 U.S.C. § 5104(e)(2)(G) in connection with the January 6, 2021 Capitol Riot.  He respectfully submits that a sentence of one year of probation with $500 restitution is sufficient but no greater than necessary to meet the statutory purposes of sentencing. 18 U.S.C. § 3553.

### PRELIMINARY STATEMENT

Swept up in a crowd, egged on by the President of the United States, and having been fed a steady diet of disinformation for months, Anton Lunyk along with two friends entered the U.S. Capitol building unlawfully on January 6, 2021.  He stayed for 10 minutes, took some video selfies, and left.

It was the biggest mistake he has ever made.  Whatever sentence the Court imposes, Mr. Lunyk will to some degree pay for this error for the rest of his still very young life.  Although misdemeanor convictions may not carry the same stigma and full range of collateral consequences that felonies do, because of the notoriety of the Capitol Riot and the impeccable memory of the Internet, he will forever be associated with his crime by anyone – potential

employer, date, graduate school, or lender to name a few – who takes the time to simply put his name into Google's search bar.

He is deeply remorseful.  He had once applied the New York Police Department to become an officer and is particularly ashamed to be associated with an event where law enforcement officers were killed and injured.  As he puts it in his most basic "Brooklyn-ese," he feels like an "idiot."  He has always admired police officers.  After his arrest, he voluntarily met with prosecutors on an unrelated case where he is purely a witness.

He seems certain not to reoffend.  He has no criminal record, does not use drugs, is gainfully employed and still lives at home with his parents.

Based on the nature and circumstances of the offense, the history and characteristics of the defendant and the purposes of sentencing, the defense respectfully submits a sentence of one year of probation is sufficient but no greater than necessary to meet the purposes of sentencing.  Such a sentence would be consistent with those this Court has imposed on other January 6 defendants.

**NATURE AND CIRCUMSTANCES OF THE OFFENSE**

The Court is well aware of the nature and circumstances of the Capitol Riot so they are not discussed in detail here.  Mr. Lunyk is among the least culpable defendants the Court will encounter from that day.  He entered the building for 10 minutes and left.  He was encouraged, to put it mildly, by the leader of the free world.  His culpability is mitigated by the fact that he, like so many others, was misled into believing that he was in some way protecting, not assaulting, democracy.  The danger of propaganda and disinformation is that it can cause normally decent people to commit wrongs believing they are in the right; this is why holding the propagators of falsehoods, and not just those who come under their spell, is so important.

employer, date, graduate school, or lender to name a few – who takes the time to simply put his name into Google's search bar.

He is deeply remorseful.  He had once applied the New York Police Department to become an officer and is particularly ashamed to be associated with an event where law enforcement officers were killed and injured.  As he puts it in his most basic "Brooklyn-ese," he feels like an "idiot."  He has always admired police officers.  After his arrest, he voluntarily met with prosecutors on an unrelated case where he is purely a witness.

He seems certain not to reoffend.  He has no criminal record, does not use drugs, is gainfully employed and still lives at home with his parents.

Based on the nature and circumstances of the offense, the history and characteristics of the defendant and the purposes of sentencing, the defense respectfully submits a sentence of one year of probation is sufficient but no greater than necessary to meet the purposes of sentencing.  Such a sentence would be consistent with those this Court has imposed on other January 6 defendants.

**NATURE AND CIRCUMSTANCES OF THE OFFENSE**

The Court is well aware of the nature and circumstances of the Capitol Riot so they are not discussed in detail here.  Mr. Lunyk is among the least culpable defendants the Court will encounter from that day.  He entered the building for 10 minutes and left.  He was encouraged, to put it mildly, by the leader of the free world.  His culpability is mitigated by the fact that he, like so many others, was misled into believing that he was in some way protecting, not assaulting, democracy.  The danger of propaganda and disinformation is that it can cause normally decent people to commit wrongs believing they are in the right; this is why holding the propagators of falsehoods, and not just those who come under their spell, is so important.

Whatever he felt before, Anton Lunyk now knows he was in the wrong as he explains in the attached letter.

**HISTORY AND CHARACTERISTICS OF THE DEFENDANT**

Mr. Lunyk is a Ukranian immigrant who moved here at the age of six with his family. (PSR 43.) He had an unremarkable and "pretty good" childhood, living with his mother (a dental assistant), father (who owns a frozen food import company), and younger brother. He attended Brooklyn College and has worked for the last several years as a "public adjuster," helping people who have suffered property damage negotiate with their insurers to rebuild their homes.

He has no criminal record. He does not use drugs. He has never married or had children and still lives with his parents. He is just getting started in life and, again, will forever be associated with this brief lapse in judgment.

**NEED FOR THE SENTENCE IMPOSED TO;**

**A. Reflect the Seriousness of the Offense, Achieve Just Punishment and Promote Respect for the Law**.

The need for punishment is satisfied by probation in this case. Prison is not the only form of punishment. In *Gall v. United States*, 552 U.S. 39 (2007), the Court of Appeals reversed the district court for imposing a sentence of probation notwithstanding the defendant's 30-37 month Guideline range. In reversing the Court of Appeals, the Supreme Court rejected the appellate court's view that the sentence represented a "100 percent" variance. "Quantifying the variance as a certain percentage of the maximum, minimum, or median prison sentence recommended by the Guidelines gives no weight to the 'substantial restriction of freedom' involved in a term of supervised release or probation. *Id.* at 48 (quoting district court).

**B. Afford Adequate Deterrence.**

Prison is not necessary to afford deterrence in this case. For lower level Capitol Riot defendants, the fact of prosecution provides deterrence enough.

**C. Protect the Public from Future Crimes of the Defendant**.

Incarceration is not necessary to protect the public from Mr. Lunyk, who is gainfully employed, does not use drugs and has never been in any sort of trouble before. Nothing about his conduct before or since his arrest suggests he is an ongoing threat to anyone.

**D. Provide Needed Treatment**.

Mr. Lunyk is not in need of any sort of educational or vocational training, medical care or other correctional treatment.

**THE KINDS OF SENTENCES AVAILABLE.**

Mr. Lunyk is eligible for probation.

**THE GUIDELINES**

No sentencing guideline applies to this charge.

**THE NEED TO AVOID UNWARRANTED DISPARITIES**

In Capital Riot cases, the government has provided charts of the sentences received by various defendants, along with their offenses of conviction and the government's recommendation in those cases. A number of those defendants similarly situated to Mr. Lunyk have received sentences of probation. Although this Court has commented that it is difficult to know the precise facts of each of those cases based on the government's charts (*See e.g.* Transcript of Sentencing dated Jan. 20, 2022, *United States v. Michael Stepakoff*, 21-CR-96 (RC) at 69-70 (ECF # 45)), a survey of sentences imposed by this very Court, the facts of which this

4

Court may well recall, demonstrate that probation without any actual or home detention would be appropriate here.

>In *Stepakoff*, this Court imposed a sentence of 12 months probation, $500 restitution, 60 hours of community service and a $742 fine. The defendant was in the Capitol for five minutes. *Id*. The defendant's acceptance of responsibility was decidedly less than that of Mr. Lunyk; Mr. Stepakoff claimed to be oblivious to the mayhem around him on January 6, a claim the Court found "highly suspect." *Id*. at 67-68.
>
>In *United States v. Robert Chapman*, 21-CR 676 (RC), this Court imposed a sentence of 18 months probation, including three months of home detention, $500 restitution and a $742 fine. Mr. Chapman was in the Capitol for 30 minutes initially, left, and then re-entered the building. Gov't Sentencing Memorandum, dated May 9, 2022, at 11-22 (ECF # 35). Video showed Chapman and other rioters "stand[ing] their ground" as officers demanded they leave the Capitol rotunda. *Id*. at 16-27.
>
>In *United States v. Felipe Marquez*, 21-CR-136 (RC), this Court imposed a sentence of 18 months probation, including three months home detention, with $500 restitution on a defendant, who spent about 53 minutes inside the Capitol, had traveled from Florida to Washington D.C. with a firearm,and had interfered with police in the Capitol by repeatedly asking officers for fist bumps and to take selfies with him. Government Sentencing Memorandum at 1-2 (ECF # 28).
>
>In *Untied States v. Jonathan Laurens*, 21 CR 450 (RC), this Court imposed a sentence of 12 months probation, including two months of home detention, and 60 hours of community service, $500 restitution, and a $742 fine. Mr. Laurens "spent approximately 35 minutes inside the Capitol during the riot; . . . joined the crowd that surged past police officers trying to hold back the rioters in the Crypt; . . . joined another crowd that formed outside the House of Representatives Chamber that attempted to enter that Chamber while lawmakers were still trapped inside." Government Sentencing Memorandum at 1-2 (ECF #34). He also indicated he had a knife with him at the time. *Id*.
>
>*In United States v. William Michael Sywak and William Jason Sywak* 21-CR-494 (RC), the Court sentenced a father and son for their role in the Captiol Riot. The son received one year probation with two months of home detention and 60 hours of community service, and $500 restitution. The father (who had a criminal record) received a two year term of probation with four months home detention, 60 hours of community service and $500 restitution. The son was inside the capitol for 20 minutes, was

5

among the first to enter the building, and showed a distinct lack of remorse when interviewed by the FBI.  He rejoiced in watching someone pepper spray police.  Government Sentencing Memo at 22-23 (ECF # 50).

Mr. Lunyk's case is less aggravated than any of these defendants and at worst comparable to that of Mr. Stepakoff.

## **RESTITUTION**

Mr. Lunyk has agreed to pay $500 in restitution.

## **CONCLUSION**

For the foregoing reasons, the defense respectfully requests a sentence of probation with no incarceration, home detention or community service.  If the Court is to impose a fine, we respectfully request a $742 fine consistent with that imposed on similarly situated defendants.

Dated: Brooklyn, New York
       August 23, 2022

_____/s/_____
Michael D. Weil
Federal Defenders of New York
Attorneys for Anton Lunyk
One Pierrepont Plaza
Brooklyn, NY 11201
Michael_weil@fd.org
(718) 407-7413