IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No.: 21-CR-410 (RC) |
| v. | : | |
| ANTON LUNYK, | : | |
| Defendant. | : | |

### DEFENDANT'S REPLY SENTENCING MEMORANDUM

Anton Lunyk should be sentenced for his conduct not his beliefs. His conduct in the Capitol Riot was plainly comparable to that of defendants found to be among the least culpable, as to whom this Court has imposed sentences of probation, or at worst, probation with home detention and community service. The government's request for actual incarceration of this first-time, gainfully employed misdemeanor offender should be rejected.

The government offers a non-exhaustive list of aggravating and mitigating factors, indicating the Court should consider:

> whether, when, and how the defendant entered the Capitol building; (2) whether the defendant encouraged violence; (3) whether the defendant encouraged property destruction; (4) defendant's reaction to acts of violence or destruction; (5) whether, during or after the riot, the defendant destroyed evidence; (6) the length of the defendant's time inside of the building, and exactly where the defendant traveled; (7) the defendant's statements in person or on social media; (8) whether the defendant cooperated with, or ignored commands from police officers; and (9) whether the defendant demonstrated sincere remorse or contrition.

(Gov't Sentencing Memo at 11.) Even though these factors would all appear to militate in favor of leniency, the Government's sentencing memo focuses largely on Mr. Lunyk's thoughts and beliefs. The government cites Instagram messages among Mr. Lunyk and his friends that

1

establish "the depths of their belief that the 2020 election was stolen." (*Id*. at 8). The government discusses Lunyk's attendance at an earlier rally and his group's "interest in travel ... for other rallies." (*Id*.) It discusses the group's "interest" in certain organized groups and "beliefs in conspiracy theories beyond the 2020 election being fraudulent." (*Id*.)

Attending other *peaceful* rallies, expressing an interest in associating with certain groups, and even harboring erroneous beliefs is Constitutionally protected activity that should play no role in the defendant's sentencing. People at the highest levels of government promoted false information that wound up influencing ordinary people like Mr. Lunyk. The remedy for such disinformation is true information in our system, or to hold the promoters of the false information accountable to the extent they have violated the law. It is surely not to impose extra punishment on ordinary people who are persuaded by falsehoods. Indeed, to whatever extent Mr. Lunyk's beliefs are relevant at sentence, would not his conduct be worse if he did not harbor mistaken ideas?

The focus on discussions of violence in his messages is similarly unwarranted. The defendant's messages were sent privately and not widely disseminated and thus did not contribute to the mayhem. (*Id*. at 14.) A defendant's words are relevant at sentencing where intent is somehow in doubt, such as where a scheme is thwarted by law enforcement and the Court needs to assess the scope of the defendant's plans in assessing culpability. In this case the Court knows exactly what Mr. Lunyk and his friends did: they entered the Capitol building for 10 minutes illegally and then left. Their tough talk was plainly just talk, sadly typical of the hyperbole of our time. Had the group intended to engage in violence, there was ample opportunity to do so. As the Court well knows, many others did engage in violence and property

damage.  Mr. Lunyk did not.  The government's attempt to blur this distinction by focusing on his words should be rejected.


Dated:  Brooklyn, New York
       August 30, 2022

                                                         _____/s/_____
                                                         Michael D. Weil
                                                         Federal Defenders of New York
                                                          Attorneys for Anton Lunyk
                                                          One Pierrepont Plaza
                                                          Brooklyn, NY 11201
                                                          Michael_weil@fd.org
                                                          (718) 407-7413